FREEDMAN + TAITELMAN, LLP
MICHAEL A. TAITELMAN (SBN 151990)
mtaitelman@ftllp.com
JESSE KAPLAN (SBN 255059)
jkaplan@ftllp.com
1901 Avenue of the Stars, Suite 500
Los Angeles, California 90067
Tel.:  (310) 201-0005
Fax:  (310) 201-0045

Attorneys for Plaintiffs
HIGHPOINT ASSOCIATES, LLC and SUMEET GOEL

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HIGHPOINT ASSOCIATES , LLC, a California limited liability company, SUMEET GOEL, an individual,<br><br>  Plaintiff,<br><br>  vs.<br><br>JOHN DOE; and DOES 2 through 10, inclusive,<br><br>  Defendants. | CASE NO. 2:15-cv-00497 FMO(JPRx)<br><br>DISCVOERY MOTION<br><br>**DECLARATION OF JESSE KAPLAN IN SUPPORT OF PLAINTIFFS' MOTION FOR EXPEDITED DISCOVERY TO IDENTIFY THE DOE DEFENDANTS**<br><br>Date: March 26, 2015<br>Time: 10:00 a.m.<br>Courtroom: A - 8th Floor<br>Honorbale Jean P. Rosenbluth |

## **DECLARATION OF JESSE KAPLAN**

I, Jesse Kaplan, declare as follows:

1.     I am a member of the State Bar of California and am admitted to practice before this Court.  I am a partner at Freedman + Taitelman, LLP and counsel for Plaintiffs Highpoint Associates, LLC ("HPA") and Sumeet Goel ("Goel") (collectively, "Plaintiffs").  The matters stated below are based on my personal knowledge, unless noticed specifically otherwise. If called as a witness, I could and would testify competently thereto.

2.     Plaintiffs seek leave of this Court to serve certain limited expedited discovery on Microsoft ("Microsoft"), Bullhorn ("Bullhorn") and London Trust Media ("LTM") that will hopefully reveal Defendants' identity.

3.     Attached hereto as Exhibit "1" is a true and correct copy of the Subpoena to Microsoft proposed by Plaintiffs to serve on this third party in order to determine the identity of the Doe Defendants.

4.     Attached hereto as Exhibit "2" is a true and correct copy of the Subpoena to Bullhorn proposed by Plaintiffs to serve on this third party in order to determine the identity of the Doe Defendants.

5.     Attached hereto as Exhibit "3" is a true and correct copy of the Subpoena to LTM proposed by Plaintiffs to serve on this third party in order to determine the identity of the Doe Defendants.


I declare under penalty and perjury under the laws of the United States of the foregoing is true and correct.

Executed this 6th day of February, 2015, at Los Angeles, California.

/s/
JESSE KAPLAN

# EXHIBIT 1

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Central District of California

| | |
|---|---|
| Highpoint Associates, LLC, et al. | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 2:15-cv-00497-FMO-JPR |
| | ) |
| John Doe, et al. | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Microsoft Corporation, Custodian of Records,c/o Corporation Service Company which will do business in California as CSC - Lawyers Incorporating Service, 2710 Gateway Oaks Drive, Suite 150N, Sacramento, CA 95833

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment A

| Place: Seattle Legal Messenger | Date and Time: |
|---|---|
| 4201 Aurora Ave. N #200 | |
| Seattle, WA 98103 | 04/10/2015 10:00 am |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 03/26/2015

| | |
|---|---|
| *CLERK OF COURT* | OR |
| _____ | _____ |
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   Plaintiffs
Highpoint Associates, LLC, et al. _____ , who issues or requests this subpoena, are:

Jesse A. Kaplan, Esq., 1901 Avenue of the Stars, #500, Los Angeles, CA 90067; jkaplan@ftllp.com; 310-201-0005

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

   ❐  I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

   ❐  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____       _____
                                       *Server's signature*

                        _____
                                    *Printed name and title*

                        _____
                                    *Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or

    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## ATTACHMENT "A"

## PRELIMINARY STATEMENT OF DEFINITIONS AND INSTRUCTIONS

### CASE NO. 2:15-cv-00497-FMO-JPR

The following preliminary statement of definitions and instructions applies to each of the Requests for Production set forth hereinafter, and is deemed to be incorporated therein.

1.       The singular number and masculine, generally, as used herein, also include the plural, feminine or neuter as may be appropriate.

2.       In answering these Requests, you are required to furnish all information that is known or reasonably available to you including, without limitation, all information in the possession of your agents, investigators and representatives, and not merely such information as may be known of your personal knowledge or under your direction or control.

3.       As used herein, the following term(s) shall have the following meanings:

     a.       "EACH" means each, every and all.

     b.       "DOCUMENT" or "DOCUMENTS" means and includes the original and every non-identical version of any printed, electronically stored, typewritten, or handwritten matter of whatever character including, but not limited to, records in a database and log file entries, "writings," "recordings," and photographs," as defined by Federal Rule of Evidence 1001(1), contracts, memoranda, correspondence, reports, studies, notes, diaries, transcripts, tapes, printouts, data files, compilations of data statements, accountings, ledgers, notes, checks, calendars, IMAGES, books, computer disks and drivers, and all tangible things upon which any form of communication is or may be recorded or reproduced.

     c.       "MICROSOFT" means Microsoft Corporation, as well as any parent, subsidiary, division, or related company, any business entity controlled by

or operated on behalf thereof, any predecessors thereof, any parents, agents, partners, representatives, attorneys, and anyone else acting on its behalf.

        d.    "RELATING TO" means evidencing, supporting, refuting, reflecting, referring to, embodying or substantiating.

    4.    Except to the extent provided otherwise by Instruction 3 above, all DOCUMENTS are to be produced in the files in which such DOCUMENTS have been maintained, and in the order within each file in which such DOCUMENTS have been maintained.

    5.    In the event that any DOCUMENT called for in these Requests have been destroyed or discarded or otherwise disposed of, such DOCUMENT is to be identified as completely as possible including, without limitation, the following information: date of disposal, manner of disposal, reason for disposal, person authorizing the disposal, and person disposing of the DOCUMENT.

    6.    If YOU claim that the attorney-client privilege, the attorney work product doctrine, or any other basis for an assertion of privilege is applicable to any DOCUMENTS the production of which is sought by these Requests, YOU are instructed to identify the general nature of such DOCUMENT by reference to its subject matter, date and EACH individual disclosing and receiving it.

## DOCUMENTS REQUESTED

**REQUEST FOR PRODUCTION NO. 1:**

    All DOCUMENTS identifying any IP address accessing Highpoint Associates, LLC emails or Highpoint-Associates.com emails through MICROSOFT'S "Office365" service.

**<u>REQUEST FOR PRODUCTION NO. 2</u>:**

     All DOCUMENTS identifying users of any IP address accessing Highpoint Associates, LLC emails or Highpoint-Associates.com emails through MICROSOFT'S "Office365" service.

**<u>REQUEST FOR PRODUCTION NO. 3</u>:**

     All DOCUMENTS containing all log-in information accessing Highpoint Associates, LLC accounts including the date, time, client type, username, Windows Live ID, Browser Type and originating IP Address.

**<u>REQUEST FOR PRODUCTION NO. 4</u>:**

     All DOCUMENTS containing all log-in information accessing Highpoint-Associates.com accounts including the date, time, client type, username, Windows Live ID, Browser Type and originating IP Address.

# EXHIBIT 2

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Central District of California

| | |
|---|---|
| Highpoint Associates, LLC, et al. | ) |
| *Plaintiff* | ) |
| v. | ) |
| | ) |
| John Doe, et al. | ) |
| *Defendant* | ) |

Civil Action No.  2:15-cv-00497-FMO-JPR

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:  Bullhorn Inc., Custodian of Records, c/o CT Corporation System, 155 Federal Street, Suite 700, Boston, MA 02110

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment A

| Place: Suvalle Jodrey Process Services | Date and Time: |
|---|---|
| 1 Devonshire Place | |
| Boston, MA 02109 | 04/10/2015 10:00 am |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  03/26/2015

| *CLERK OF COURT* | |
|---|---|
| | OR |
| _____ | _____ |
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*     Plaintiffs
Highpoint Associates, LLC, et al. _____ , who issues or requests this subpoena, are:

Jesse A. Kaplan, Esq., 1901 Avenue of the Stars, #500, Los Angeles, CA 90067; jkaplan@ftllp.com; 310-201-0005

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❒  I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❒  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____              _____
                                                    *Server's signature*

                                          _____
                                                    *Printed name and title*

                                          _____
                                                    *Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
  **(i)** is a party or a party's officer; or
  **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
 **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
 **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
 **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  **(i)** fails to allow a reasonable time to comply;
  **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
  **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  **(iv)** subjects a person to undue burden.
 **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

 **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
 **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  **(i)** expressly make the claim; and
  **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## ATTACHMENT "A"
## PRELIMINARY STATEMENT OF DEFINITIONS AND INSTRUCTIONS
### CASE NO. 2:15-cv-00497-FMO-JPR

The following preliminary statement of definitions and instructions applies to each of the Requests for Production set forth hereinafter, and is deemed to be incorporated therein.

1.    The singular number and masculine, generally, as used herein, also include the plural, feminine or neuter as may be appropriate.

2.    In answering these Requests, you are required to furnish all information that is known or reasonably available to you including, without limitation, all information in the possession of your agents, investigators and representatives, and not merely such information as may be known of your personal knowledge or under your direction or control.

3.    As used herein, the following term(s) shall have the following meanings:

  a.    "EACH" means each, every and all.

  b.    "DOCUMENT" or "DOCUMENTS" means and includes the original and every non-identical version of any printed, electronically stored, typewritten, or handwritten matter of whatever character including, but not limited to, records in a database and log file entries, "writings," "recordings," and photographs," as defined by Federal Rule of Evidence 1001(1), contracts, memoranda, correspondence, reports, studies, notes, diaries, transcripts, tapes, printouts, date files, compilations of data statements, accountings, ledgers, notes, checks, calendars, IMAGES, books, computer disks and drivers, and all tangible things upon which any form of communication is or may be recorded or reproduced.

  c.    "Bullhorn" means Bullhorn, Inc., as well as any parent, subsidiary, division, or related company, any business entity controlled by or

operated on behalf thereof, any predecessors thereof, any parents, agents, partners, representatives, attorneys, and anyone else acting on its behalf.

         d.    "RELATING TO" means evidencing, supporting, refuting, reflecting, referring to, embodying or substantiating.

         4.    Except to the extent provided otherwise by Instruction 3 above, all DOCUMENTS are to be produced in the files in which such DOCUMENTS have been maintained, and in the order within each file in which such DOCUMENTS have been maintained.

         5.    In the event that any DOCUMENT called for in these Requests have been destroyed or discarded or otherwise disposed of, such DOCUMENT is to be identified as completely as possible including, without limitation, the following information: date of disposal, manner of disposal, reason for disposal, person authorizing the disposal, and person disposing of the DOCUMENT.

         6.    If YOU claim that the attorney-client privilege, the attorney work product doctrine, or any other basis for an assertion of privilege is applicable to any DOCUMENTS the production of which is sought by these Requests, YOU are instructed to identify the general nature of such DOCUMENT by reference to its subject matter, date and EACH individual disclosing and receiving it.

## DOCUMENTS REQUESTED

### REQUEST FOR PRODUCTION NO. 1:

    All DOCUMENTS containing all logs available from inception to the present of all users of Highpoint Associates, LLC's account, including without limitation, the date, time, IP and Browser.

# EXHIBIT 3

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Central District of California

| | | |
|---|---|---|
| Highpoint Associates, LLC, et al. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   2:15-cv-00497-FMO-JPR |
| | ) | |
| John Doe, et al. | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:       London Trust Media, Incorporated, Custodian of Records, c/o CT Corporation System
          818 West Seventh Street, 2nd Floor, Los Angeles, CA 90017

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment A

| Place: Special Private Investigations, Inc.<br>72 Indian Lakes Road NE<br>Sparta, MI 49345 | Date and Time:<br>04/10/2015 10:00 am |
|---|---|

❏ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

        The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:       03/26/2015

                    *CLERK OF COURT*
                                                    OR

        _____            _____
           *Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*       Plaintiffs
Highpoint Associates, LLC, et al.                                   , who issues or requests this subpoena, are:

Jesse A. Kaplan, Esq., 1901 Avenue of the Stars, #500, Los Angeles, CA 90067; jkaplan@ftllp.com; 310-201-0005

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❑ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❑ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____                    _____
                                                        *Server's signature*

                                                        _____
                                                        *Printed name and title*

                                                        _____
                                                        *Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## ATTACHMENT "A"

## PRELIMINARY STATEMENT OF DEFINITIONS AND INSTRUCTIONS

### CASE NO. 2:15-cv-00497-FMO-JPR

The following preliminary statement of definitions and instructions applies to each of the Requests for Production set forth hereinafter, and is deemed to be incorporated therein.

1.     The singular number and masculine, generally, as used herein, also include the plural, feminine or neuter as may be appropriate.

2.     In answering these Requests, you are required to furnish all information that is known or reasonably available to you including, without limitation, all information in the possession of your agents, investigators and representatives, and not merely such information as may be known of your personal knowledge or under your direction or control.

3.     As used herein, the following term(s) shall have the following meanings:

     a.     "EACH" means each, every and all.

     b.     "DOCUMENT" or "DOCUMENTS" means and includes the original and every non-identical version of any printed, electronically stored, typewritten, or handwritten matter of whatever character including, but not limited to, records in a database and log file entries, "writings," "recordings," and photographs," as defined by Federal Rule of Evidence 1001(1), contracts, memoranda, correspondence, reports, studies, notes, diaries, transcripts, tapes, printouts, date files, compilations of data statements, accountings, ledgers, notes, checks, calendars, IMAGES, books, computer disks and drivers, and all tangible things upon which any form of communication is or may be recorded or reproduced.

     c.     "LTM" means London Trust Media, Inc., as well as any parent, subsidiary, division, or related company, any business entity controlled by or

operated on behalf thereof, any predecessors thereof, any parents, agents, partners, representatives, attorneys, and anyone else acting on its behalf.

        d.    "RELATING TO" means evidencing, supporting, refuting, reflecting, referring to, embodying or substantiating.

      4.    Except to the extent provided otherwise by Instruction 3 above, all DOCUMENTS are to be produced in the files in which such DOCUMENTS have been maintained, and in the order within each file in which such DOCUMENTS have been maintained.

      5.    In the event that any DOCUMENT called for in these Requests have been destroyed or discarded or otherwise disposed of, such DOCUMENT is to be identified as completely as possible including, without limitation, the following information: date of disposal, manner of disposal, reason for disposal, person authorizing the disposal, and person disposing of the DOCUMENT.

      6.    If YOU claim that the attorney-client privilege, the attorney work product doctrine, or any other basis for an assertion of privilege is applicable to any DOCUMENTS the production of which is sought by these Requests, YOU are instructed to identify the general nature of such DOCUMENT by reference to its subject matter, date and EACH individual disclosing and receiving it.

## DOCUMENTS REQUESTED

### REQUEST FOR PRODUCTION NO. 1:

      All DOCUMENTS relating to the IP address allocation 108.61.101.159 for the time stamp December 6, 2014 at 8:46 PM GMT, including without limitation, the originating IP address, time start and time stop of IP address use, username, first name, last name, email address, telephone number, verify number.

//

//

**REQUEST FOR PRODUCTION NO. 2:**

All DOCUMENTS relating to the IP address allocation 108.61.101.159 for the time stamp December 6, 2014 at 8:44 PM GMT, including without limitation, the originating IP address, time start and time stop of IP address use, username, first name, last name, email address, telephone number, verify number.

**REQUEST FOR PRODUCTION NO. 3:**

All DOCUMENTS relating to the IP address allocation 198.23.71.114 for the time stamp December 6, 2014 at 7:47 AM GMT, including without limitation, the originating IP address, time start and time stop of IP address use, username, first name, last name, email address, telephone number, verify number.

**REQUEST FOR PRODUCTION NO. 4:**

All DOCUMENTS relating to the IP address allocation 173.192.176.160 for the time stamp December 6, 2014 at 4:06 AM GMT, including without limitation, the originating IP address, time start and time stop of IP address use, username, first name, last name, email address, telephone number, verify number.

**REQUEST FOR PRODUCTION NO. 5:**

All DOCUMENTS relating to the IP address allocation 104.156.240.134 for the time stamp December 6, 2014 at 1:20 AM GMT, including without limitation, the originating IP address, time start and time stop of IP address use, username, first name, last name, email address, telephone number, verify number.

**REQUEST FOR PRODUCTION NO. 6:**

All DOCUMENTS relating to the IP address allocation 104.156.240.134 for the time stamp December 5, 2014 at 7:40 PM GMT, including without limitation,

the originating IP address, time start and time stop of IP address use, username, first name, last name, email address, telephone number, verify number.

**REQUEST FOR PRODUCTION NO. 7:**

All DOCUMENTS relating to the IP address allocation 108.61.76.5 for the time stamp December 5, 2014 at 6:29 PM GMT, including without limitation, the originating IP address, time start and time stop of IP address use, username, first name, last name, email address, telephone number, verify number.

**REQUEST FOR PRODUCTION NO. 8:**

All DOCUMENTS relating to the IP address allocation 108.61.76.5 for the time stamp December 5, 2014 at 5:58 PM GMT, including without limitation, the originating IP address, time start and time stop of IP address use, username, first name, last name, email address, telephone number, verify number.

**REQUEST FOR PRODUCTION NO. 9:**

All DOCUMENTS relating to the IP address allocation 216.155.129.60 for the time stamp December 5, 2014 at 8:36 AM GMT, including without limitation, the originating IP address, time start and time stop of IP address use, username, first name, last name, email address, telephone number, verify number.

**REQUEST FOR PRODUCTION NO. 10:**

All DOCUMENTS relating to the IP address allocation 104.156.240.173 for the time stamp December 5, 2014 at 7:26 AM GMT, including without limitation, the originating IP address, time start and time stop of IP address use, username, first name, last name, email address, telephone number, verify number.

//

//

**REQUEST FOR PRODUCTION NO. 11:**

All DOCUMENTS relating to the IP address allocation 104.156.240.173 for the time stamp December 5, 2014 at 7:20 AM GMT, including without limitation, the originating IP address, time start and time stop of IP address use, username, first name, last name, email address, telephone number, verify number.

**REQUEST FOR PRODUCTION NO. 12:**

All DOCUMENTS relating to the IP address allocation 198.23.71.71 for the time stamp December 5, 2014 at 2:54 AM GMT, including without limitation, the originating IP address, time start and time stop of IP address use, username, first name, last name, email address, telephone number, verify number.

**REQUEST FOR PRODUCTION NO. 13:**

All DOCUMENTS relating to the IP address allocation 50.23.115.86 for the time stamp December 4, 2014 at 8:41 PM GMT, including without limitation, the originating IP address, time start and time stop of IP address use, username, first name, last name, email address, telephone number, verify number.